## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| TAYLOR DAVIS, Heir at Law of TIANNA DAVIS, Deceased, and TAYLOR DAVIS, Administrator of the Estate of TIANNA DAVIS, Deceased, | ) ) ) ) ) | |
| Plaintiffs, | ) ) | Case No. _____ |
| vs. | ) ) | |
| VALLEY HOPE ASSOCIATION and JON SIEBERT, M.D., | ) ) ) | |
| Defendants. | ) ) | |

### COMPLAINT

Plaintiff Taylor Davis, Individually and as Heir at Law of Tianna Davis, deceased, and Taylor Davis, Administrator of the Estate of Tianna Davis, deceased, by and through undersigned counsel, for his causes of action against defendant Valley Hope Association (d/b/a Valley Hope of Atchison) and defendant Jon Siebert, M.D., states and alleges as follows:

### PARTIES

1.    Plaintiff Taylor Davis is a citizen and resident of Missouri residing at 5030 Topping Avenue, Kansas City, MO 64119.

2.    At all times relevant Taylor Davis was the lawful spouse of Tianna Davis, deceased, and is an heir at law of Tianna Davis.

3.    At the time of her death on April 29, 2917, Tianna Davis (hereinafter "Mrs. Davis") was a citizen and resident of Missouri residing at 5030 Topping Avenue, Kansas City, MO 64119.

4.     On March 23, 2018, Taylor Davis was appointed Administrator of the Estate of Tianna Davis, deceased, in the Circuit Court of Atchison County, Kansas, Probate Division, Case No. 2017-PR-000058.

5.     Defendant Valley Hope Association (hereinafter "Valley Hope") is a Kansas not for profit corporation with its principal place of business located at 816 North 2nd Street, Atchison, KS 66002.

6.     Valley Hope's registered agent for service of process in Kansas is John F. McClymont, 120 S. State Street, Norton, KS 67654.

7.     At all times relevant Valley Hope, through its nurses, nursing staff, healthcare providers, employees and agents, actual, apparent or otherwise, operated, managed, maintained and controlled Valley Hope of Atchison which is an alcohol and drug rehabilitation clinic located at 816 North 2nd Street, Atchison, KS 66002.

8.     All actions and omissions of Valley Hope's nurses, nursing staff, healthcare providers, employees and agents, actual, apparent or otherwise, as described herein, were performed within the scope of their duties as employees and agents of Valley Hope and Valley Hope is vicariously liable for the acts and/or omissions of its nurses, nursing staff, healthcare providers, employees and agents, actual, apparent or otherwise.

9.     Defendant Jon Siebert, M.D. (hereinafter "Dr. Siebert") was at all times relevant hereto a physician duly licensed to practice medicine in Kansas, with a medical office located at 810 Raven Hill Drive, Atchison, KS 66002.

10.     At all times relevant Dr. Sibert was in a physician-patient relationship with Mrs. Davis, deceased.

**JURISDICTION AND VENUE**

11.     Jurisdiction is proper pursuant to 28 U.S.C. § 1332(a) because this action is between citizens of different states and the amount in controversy is in excess of Seventy-Five Thousand Dollars ($75,000.00).

12.     Venue is proper pursuant to 28 U.S.C. § 1391(a)(1) in that a substantial part of the acts and omissions giving rise to plaintiff's claims occurred in Kansas and defendants are subject to personal jurisdiction in Kansas.

**FACTUAL ALLEGATIONS**

13.     On Thursday, April 27, 2017, Mrs. Davis was admitted to Valley Hope for addiction treatment.  Mrs. Davis had a long history of drug and alcohol abuse and addiction, depression and suicide attempts.

14.     Mrs. Davis's withdrawal history noted that past withdrawal attempts had been accompanied by, among other symptoms, convulsions, seizures, nausea and vomiting, hallucinations, tremors, muscle cramping and hypertension.  Mrs. Davis also reported being hospitalized in the past during detoxification.

15.     Upon arrival at Valley Hope, Mrs. Davis was experiencing severe withdrawal symptoms and she was noted to be experiencing hallucinations at 1:41 p.m.

16.     Valley Hope identified Mrs. Davis as being at imminent risk for severe withdrawal syndrome and placed her in a recovery room for medical monitoring.  She was also "Yellow Tagged," which meant that she required "hourly monitoring" of her "physical and/or mental status."

17.     Prior to ever seeing, examining or speaking with Mrs. Davis or her husband, Dr. Siebert prescribed 32 mg of Suboxone assuming, without any evidence,

3

that Mrs. Davis was heavily dependent on opioids.  The 32 mg of Suboxone prescribed by Dr. Siebert was four times the recommend dosing guideline of 8 mg for 24 hours.

18.     Dr. Siebert also prescribed Librium for Mrs. Davis and far exceed its dosing guidelines.

19.     On the afternoon of Friday, April 28, 2017, Mrs. Davis "reported feeling as if nursing staff had not been checking on her and she felt her needs were minimized." In fact, it was her roommate, rather than any medical professional, who helped Mrs. Davis bathe and dress her first night at Valley Hope.

20.     On Mrs. Davis's second night at Valley Hope, the evening of Friday, April 28, 2017, her husband, Taylor Davis (hereinafter "Mr. Davis") spoke to his wife using Face Time.  He found her to be extremely drowsy and barely able to stay awake enough to talk.  Mrs. Davis's vital signs were taken at 9:12 p.m. and her blood pressure and pulse were high.  Rather than hourly monitoring of her vital signs and mental and physical condition, however, no one recorded any further monitoring of Mrs. Davis until 4:34 a.m. on Saturday, April 29, 2017.  At that time a patient care aide noted that Mrs. Davis "appeared to be resting comfortably during hourly checks."

21.     At 5:05 a.m. on Saturday, April 29, 2017, a registered nurse noted that "Tianna appeared to sleep well during the night.  She has not been up to request meds for withdrawal."  Again, no vitals were taken at that time, and there is no indication of what exactly was done to "monitor" Mrs. Davis.

22.     Valley Hope records state that at 6:48 a.m. on April 29, 2017, Mrs. Davis's roommate was concerned about Mrs. Davis and called a nurse, reporting that Mrs. Davis had been snoring.  Valley Hope's records then state that a licensed practical

nurse found Mrs. Davis on her right side.  When the nurse turned Mrs. Davis over on her back she discovered that, far from "resting comfortably," Mrs. Davis "had no respiration or pulse, she was unresponsive."  It was also noted that Mrs. Davis had vomited, and that her "face and lips appeared blue in color."

23.     Resuscitation efforts were started, and Dr. Siebert (Mrs. Davis's assigned physician at Valley Hope) came to help with CPR.  The Atchison Fire Department and Atchison County EMS arrived, taking over resuscitation efforts until Mrs. Davis was transported by ambulance to Atchison Hospital.  After approximately 2.5 hours of critical care at Atchison Hospital, Mrs. Davis could not sustain a pulse, and her time of death was recorded as 10:34 a.m.

24.     The Atchison Hospital records indicate that Mrs. Davis's roommate had a more heightened role in monitoring her medical condition than any Valley Hope medical professional.  The Emergency Department Summary states:

> AVH reports that patient was heard "snoring" at 0500 on rounds. Roommate noted "snoring" at 0600 when she went in to shower.  When she came out of the shower patient had emesis on face, nose and was not breathing.

25.     Similarly, the history taken by Atchison Hospital states:

> Per Dr. J. Siebert she was found at nursing rounds about 0500 snoring and then again heard to be snoring by her roommate at 0600.  When her roommate came out of the shower and later checked on her she was then unresponsive and found in emesis.  Actual time down unknown.

26.     Although Valley Hope gave Narcan to Mrs. Davis as the antidote for too much Suboxone, at no time did Valley Hope give Mrs. Davis Flumazenil which is the antidote to Librium.

27.     Although Mrs. Davis's roommate did not present a bill to Mr. Davis for monitoring his wife, Valley Hope falsely billed both Mrs. Davis's health insurance and her husband and collected from both for allegedly monitoring Mrs. Davis prior to her death.

28.     At all times relevant, Valley Hope held itself out as having the capability to assess patients in withdrawal for medical management and to refer them appropriately if it could not manage their medical conditions.   Valley Hope's Patient Rights and Consent for Treatment form states:

> If Valley Hope does not provide a treatment service that is assessed as being needed for the patient, is in the patient's treatment plan, or is requested by the patient, an appropriate referral will be provided.  This includes referrals for medical care to maintain the patient's health, safety, or welfare, as indicated.

29.     Valley Hope's website also proclaims: "Each patient is given a complete physical including a lab profile and monitored 24/7 throughout the withdrawal period."

30.     The medical assessment and monitoring of Mrs. Davis at Valley Hope clearly was inadequate and Valley Hope and Dr. Siebert failed to provide a safe withdrawal for her - especially given the plethora of warnings on Suboxone for potentially adverse reactions to the drug.

31.     In failing to provide proper care and treatment to Mrs. Davis, Valley Hope and Dr. Sibert also failed to comply the Standards for Licensure/Certification of Alcohol and/or Other Drug Abuse Treatment Programs promulgated by the State of Kansas, Department of Social and Rehabilitation Services, Division of Health Care Policy, November 1, 2006.

32.     As a direct and proximate result of Valley Hope and Dr. Siebert's negligent, careless, willful and wanton conduct and recklessly disregarding Mrs. Davis's health and safety, she died on April 29, 2017.

### COUNT I – WRONGFUL DEATH

Plaintiff, for Count I of his cause of action against defendants, states and alleges as follows:

33.     Plaintiff incorporates by reference the allegations set forth in paragraphs 1 through 32 of this Complaint as though fully set forth herein.

34.     Plaintiff, as one of the heirs at law of Mrs. Davis, on behalf of himself and all of Mrs. Davis's other heirs at law, hereby brings a wrongful death action pursuant to K.S.A. § 60-1901 *et seq.* against Valley Hope and Dr. Siebert.

35.     Valley Hope and Dr. Siebert negligently, carelessly and recklessly failed to provide appropriate care, treatment, management and monitoring of Mrs. Davis and deviated from the appropriate standards of medical care in several material respects including but not limited to the following:

A.     Failing to transfer Mrs. Davis to a hospital and/or an acute care facility for care and treatment.

B.     Failing to perform a comprehensive assessment of Mrs. Davis.

C.     Failing to develop an appropriate plan to provide Mrs. Davis with adequate medical care, medical treatment, medications, supervision and monitoring.

7

D.      Failing to ensure that Mrs. Davis timely received proper medications and proper doses of medications.

E.      Failing to adequately monitor and assess Mrs. Davis's condition, health, safety and welfare.

F.      Failing to adequately assess Mrs. Davis's risk of overdosing on Suboxone, Librium and/or other drugs and failing to take necessary and appropriate measures to prevent her from overdosing.

G.      Over prescribing and administering Suboxone and Librium.

H.      Failing to ensure that Mrs. Davis did not overdose on Suboxone, Librium and/or other drugs and failing to prevent her from vomiting and aspirating.

I.      Failing to ensure that Mrs. Davis did not develop aspiration pneumonia and failing to diagnose and treat Mrs. Davis's aspiration pneumonia.

J.      Failing to ensure a sufficient number of qualified nurses, healthcare providers and other staff were present to ensure Mrs. Davis received appropriate and proper care, treatment, supervision and monitoring.

K.      Failing to adequately train and supervise its nursing staff and other health care providers to ensure that Mrs. Davis received appropriate and proper care, treatment, supervision and monitoring.

L.      Failing to administer appropriate antidotes for the medications prescribed for Mrs. Davis.

8

36.     Valley Hope and Dr. Siebert's negligent, careless and reckless failure to care for Mrs. Davis as described herein directly caused or directly contributed to cause her death on April 29, 2017.

37.     As a direct and proximate result of Valley Hope and Dr. Siebert's negligent acts and/or omissions as described herein, plaintiff Taylor Davis and all other heirs at law of Mrs. Davis suffered economic and noneconomic damages including but not limited to mental anguish, suffering, bereavement, loss of society, comfort and companionship, loss of attention, advice, counseling, protection and funeral expenses.

WHEREFORE, plaintiff Taylor Davis prays for judgment on Count I of his claim against defendants Valley Hope and Dr. Siebert for damages in excess of Seventy-Five Thousand Dollars ($75,000.00) and for such other relief as the Court deems just and proper.

## COUNT II – SURVIVAL ACTION

Plaintiff, for Count II of his cause of action against defendants, states and alleges as follows:

38.     Plaintiff incorporates by reference the allegations set forth in paragraphs 1 through 37 of this Complaint as though fully set forth herein.

39.     Taylor Davis, in his capacity as Administrator for the Estate of Tianna Davis, deceased, hereby brings a survival action pursuant to K.S.A. § 60-1801 *et seq.* against Valley Hope and Dr. Siebert to compensate the Estate for the damages sustained by Mrs. Davis between the time of defendants' negligent, carless and reckless treatment until her death on April 29, 2017.

40.     As a direct and proximate result of Valley Hope and Dr. Siebert negligently, carelessly and recklessly failing to provide appropriate care, treatment, management and monitoring of Mrs. Davis and deviating from the appropriate standards of medical care as set forth above, Mrs. Davis sustained damages for unnecessary medical expenses and damages for conscious pain and suffering prior to her death.

WHEREFORE, plaintiff Taylor Davis, in his capacity as Administrator for the Estate of Tianna Davis, deceased, prays for judgment on Count II of his claim against defendants Valley Hope and Dr. Siebert for damages in excess of Seventy-Five Thousand Dollars ($75,000.00), for punitive damages as warranted by the evidence, and for such other relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby requests a trial by jury in the above-captioned case.

## DESIGNATION OF PLACE OF TRIAL

Plaintiff hereby designates Kansas City, Kansas as the place for trial in the above-captioned case.

HAMILTON LAW FIRM LLC

By:/s Patrick A. Hamilton
Patrick A. Hamilton, KS Bar No. 16154
13420 Santa Fe Trail Drive
Lenexa, KS 66215
PHONE: (913) 888-7100
FAX: (913) 888-7388
patrick@lenexalaw.com

and

Michael L. Hodges, KS Bar No. 09860
HODGES LAW FIRM CHARTERED
13420 Santa Fe Trail Drive
Lenexa, KS 66215
PHONE: (913) 888-7100
FAX: (913) 888-7388
mikehodges@hodgeslawfirm.com
ATTORNEYS FOR PLAINTIFF